T.C. Summary Opinion 2002-12

UNITED STATES TAX COURT

MARIA SOFIA BENITEZ, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 6606-00S.                     Filed February 13, 2002.

Maria Sofia Benitez, pro se.

<u>Igor Drabkin</u>, for respondent.

GOLDBERG, <u>Special Trial Judge</u>:  This case was heard pursuant
to the provisions of section 7463 of the Internal Revenue Code in
effect at the time the petition was filed.  The decision to be
entered is not reviewable by any other court, and this opinion
should not be cited as authority.  Unless otherwise indicated,
subsequent section references are to the Internal Revenue Code in
effect for the year in issue, and all Rule references are to the
Tax Court Rules of Practice and Procedure.

Respondent determined a deficiency in petitioner's Federal income tax for the taxable year 1997 in the amount of $3,956, together with an accuracy-related penalty pursuant to section 6662(a) in the amount of $791.

After concessions by respondent,[1] the sole issue for decision is whether petitioner can change her filing status from head of household to married filing a joint return. The resolution of this issue affects petitioner's entitlement to the earned income credit.

Some of the facts in this case have been stipulated and are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. At the time the petition was filed, petitioner lived in North Hills, California.

Petitioner does not understand or speak English well; therefore, she was assisted at trial by an interpreter.

During 1997, petitioner was employed as a sewing machine operator by Superba, Inc., a manufacturer of ties. Approximately 2 years earlier, petitioner had married Erasmo Aviles (Mr. Aviles). Petitioner, Mr. Aviles, and her three children, Johana V. Aviles, Erasmo J. Aviles, and Yvette V. Hernandez, lived in an apartment, unit 123, located at 8510 Columbus Avenue, North

---

[1] Respondent conceded that petitioner is entitled to three dependency exemption deductions for her three children who resided with her in 1997, and that petitioner is not liable for the accuracy-related penalty pursuant to sec. 6662(a) for 1997.

Hills, California. Mr. Aviles entered into a written lease agreement dated July 1, 1996, for the apartment which provided for a monthly rent of $595.

Mr. Aviles did not work during 1997 because he was disabled. On July 13, 1996, he was injured at work, and, subsequently, Mr. Aviles had knee surgery and returned to work in April 1998. During this time, Mr. Aviles received some form of workman's compensation.

Petitioner went to an income tax preparer, Mr. Abel Soto (Mr. Soto), who prepared her Federal income tax return for 1997. On her return, petitioner filed as a head of household, reported wages in the amount of $19,691, claimed dependency exemption deductions for two children, claimed the standard deduction for head of household, claimed a $1,200 childcare credit, and claimed a $2,025 earned income credit.

Petitioner told Mr. Soto that she was married and the only person in the household working. Mr. Soto advised petitioner not to claim her third child and also instructed petitioner to file her return as head of household. Mr. Aviles did not file a Federal income tax return for 1997.

The relevant parts of section 32 provide that an individual is eligible for the earned income credit if the individual has a qualified child or qualified children who satisfy the relationship and residency tests. Here petitioner meets those

tests. However, section 32(d) continues and provides that "in the case of an individual who is married (within the meaning of section 7703), this section shall apply only if a joint return is filed for the taxable year under section 6013."

According to section 7703(a)(1), "the determination of whether an individual is married shall be made as of the close of his [or her] taxable year". As of December 31, 1997, the end of her taxable year, petitioner and Mr. Aviles were married and living together with their three children. Section 6013 allows a husband and wife to file a single joint return even though one of the spouses has neither gross income nor deductions. Section 6013(b) provides that in certain circumstances a joint return may be filed after the filing of a separate return.

However, section 6013(b)(2) provides certain limitations. A joint return cannot be made after the expiration of 3 years from the last date prescribed by law for filing the return for the taxable year. A joint return cannot be made after there has been mailed to either spouse, with respect to the taxable year, a notice of deficiency pursuant to section 6212, and the spouse receiving such notice files a petition to the Tax Court within the time prescribed in section 6213. Sec. 6013(b)(2)(A) and (B).

Here both limitations apply. Petitioner filed her income tax return for 1997 on or before April 15, 1998. The 3-year period within which to file a joint return expired on April 15,

2001.  There is no evidence that a joint return was filed before that date.

Further, petitioner received a notice of deficiency and filed a timely petition with this Court.  Unfortunately, petitioner may have received tax advice that was not correct.  We hold that petitioner is not entitled to file a joint return for the taxable year 1997.  Therefore, she is not entitled to the earned income credit.

Reviewed and adopted as the report of the Small Tax Case Division.

<u>Decision will be entered</u>

<u>under Rule 155</u>.